IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUD FARM ASSOCIATES, L.P.,<br><br>*Plaintiff,*<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>ZF SACHS AG,<br><br>*Defendants.* | CIVIL ACTION NO.<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cloud Farm Associates, L.P., for its Complaint against the above-named Defendants, alleges as follows:

**PARTIES**

1. Cloud Farm Associates, L.P. (hereafter referred to as "Cloud Farm Associates" or "Plaintiff"), is a limited partnership formed under the laws of the State of Delaware, with its principal place of business at 222 Delaware Avenue, 10th Floor, Wilmington, DE 19801.

2. Defendant Volkswagen Group of America, Incorporated, ("VW") is a corporation organized under the laws of the State of New Jersey, with a principal place of business at 2200 Ferdinand Porsche Drive, Herndon, VA. VW does business throughout the country and in the State of Delaware and is subject to the jurisdiction of this Court. VW's registered agent in Delaware is The Corporate Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, DE 19801. VW is a subsidiary of the German corporation Volkswagen AG and,

on information and belief, is responsible for distributing Audi, Bentley, Bugatti, Lamborghini, and Volkswagen brand motor vehicles in the United States.

3. Defendant ZF Sachs AG. ("ZF Sachs") is a corporation organized under the laws of the Germany with a principal place of business at Ernst-Sachs-Straße 62, 97424 Schweinfurt, Germany. ZF Sachs is a manufacturer of automotive parts, including the Continuous Damping Control ("CDC") System. ZF Sachs sells its products directly or through subsidiaries to vehicle manufacturers for incorporation in vehicles that are intended for sale throughout the United States, including the State of Delaware. ZF Sachs is therefore subject to the jurisdiction of this Court.

**PATENTS**

4. Cloud Farm Associates is the owner of the entire right, title and interest in United States Letters Patent No. 5,437,354 ("the '354 patent") entitled "Tilt Control Apparatus for Vehicles", which issued on August 1, 1995. A copy of the '354 patent is attached hereto as Exhibit A.

5. Cloud Farm Associates is the owner of the entire right, title and interest in United States Letters Patent No. 5,529,153 ("the '153 patent") entitled "Tilt Control Apparatus for Vehicles", which issued on June 25, 1996. A copy of the '153 patent is attached hereto as Exhibit B.

**JURISDICTION AND VENUE**

6. This is a complaint for infringement of United States patents under 35 U.S.C. §§ 271 and 281.

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338.

8. Venue in this district is proper under 28 U.S.C. §1391(b) and (c) and 28 U.S. C. § 1400(b).

**COUNT I AGAINST BOTH DEFENDANTS:**
**INFRINGEMENT OF THE '354 PATENT**

9. This cause of action for patent infringement arises under 35 U.S.C. § 271(a).

10. The '354 patent grants Cloud Farm Associates the right to prevent others from making, having made, using, importing, advertising, selling and offering for sale particular tilt control apparatuses for vehicles:

   a. Claim 8 relates to an embodiment of an apparatus for a vehicle having a transverse axle and a body comprising, on at least one side of the vehicle, a chamber partially filled with hydraulic fluid and a movable piston at one end of said chamber, attached to said transverse axle; the other end of the chamber being attached to said body of the vehicle; a plate within said chamber having at least one opening separating the fluid within the chamber into two portions; movable sealing means within said chamber when activated seals, said at least one opening; means for moving the sealing means to seal said opening; means for sensing the tilting movement of said vehicle, combined with means for moving the sealing means to seal said opening when the sensing means is activated at a set tilt position of the body to prevent flow of said fluid from one portion of the

chamber into the other portion of the chamber and thus prevent tilting of the body of the vehicle.

b. Claim 9 relates to an embodiment of an apparatus as in claim 8 wherein an electrical switch controlled by the tilt of said sensing means is included for energizing electromagnetic means to move said sealing means to seal said opening.

c. Claim 10 relates to an embodiment of an apparatus as in claim 8 comprising chamber partially filled with hydraulic fluid on both sides of the vehicle.

d. Claim 11 relates to an embodiment of an apparatus as in claim 10 wherein an electrical switch controlled by the tilt of said sensing means is included for energizing electromagnetic means to move said sealing means to seal said opening.

e. Claim 16 relates to an embodiment of an apparatus for a vehicle having at least the following two structural elements, a transverse axle and a body comprising, on at least one side of the vehicle, means comprising a chamber having two portions partially filled with hydraulic fluid; a movable piston at one end of and within said chamber and attached to one of said structural elements; the other end of the chamber being attached to the other of said structural elements of the vehicle; means within said chamber to separate said fluid within the chamber into two portions; means for sensing the tilting of one of said structural elements toward said other structural element; sealing means within said chamber and, when activated by said means for sensing tilting, to prevent any flow of said fluid from

one portion to the other portion of the chamber, and, thus, prevent tilting of one of said structural elements toward said other structural element.

11. On information and belief, VW has directly infringed the '354 patent by making, having made, using, selling and/or offering for sale certain models of vehicles incorporating shock absorbers and related equipment that are covered by at least claims 8 through 11 and claim 16 of the '354 patent.

12. VW's infringement of the '354 patent has deprived, and will deprive, Cloud Farm Associates of royalties that it otherwise would have received.

13. On information and belief, ZF Sachs has directly infringed the '354 patent by making, having made, using, selling and/or offering for sale shock absorbers and related equipment that are covered by at least claims 8 through 11 and claim 16 of the '354 patent.

14. ZF Sach's infringement of the '354 patent has deprived, and will deprive, Cloud Farm Associates of royalties that it otherwise would have received.

**COUNT II AGAINST BOTH DEFENDANTS:
INFRINGEMENT OF THE '153 PATENT**

15. Plaintiff incorporates Paragraphs 1 through 14 as if fully set forth herein.

16. This cause of action for patent infringement arises under 35 U.S.C. § 271(a).

17. The '153 patent grants Cloud Farm Associates the right to prevent others from making, having made, using, importing, advertising, selling and offering for sale particular tilt control apparatuses for vehicles. Claim 1 recites an apparatus in a shock-absorbing system for a vehicle having a transverse axle and a body that comprises, on at least one side of the vehicle, a

chamber partially or fully filled with hydraulic fluid and a movable piston at one end of said chamber attached to said transverse axle; the other end of the chamber being attached to said body of the vehicle; a plate within said chamber having at least one opening separating the fluid within the chamber into two portions; and means for dampening the movement of the piston when the piston is compressed or extended; the improvement which comprises a movable sealing means within said chamber which, when activated, seals said at least one opening in said plate; means for moving the sealing means to seal said opening in said plate; means for sensing the tilting movement of said vehicle, combined with said means for moving the sealing means to seal said opening when the sensing means is activated at a set tilt position of the body to prevent flow of said fluid from one portion of the chamber into the other portion of the chamber and thus prevent movement of the piston and further tilting of the body of the vehicle.

18. On information and belief, VW has directly infringed the '153 patent by making, having made, using, selling and/or offering for sale certain vehicles incorporating shock absorbers and related equipment that are covered by at least claim 1 of the '153 patent.

19. VW's infringement of the '153 patent has deprived, and will deprive, Cloud Farm Associates of royalties that it otherwise would have received.

20. On information and belief, ZF Sachs has directly infringed the '153 patent by making, having made, using, selling and/or offering for sale shock absorbers and related equipment that are covered by at least claim 1 of the '153 patent.

21. ZF Sachs's infringement of the '153 patent has deprived, and will deprive, Cloud Farm Associates of royalties that it otherwise would have received.

## COUNT III AGAINST ZF SACHS:
## INDUCEMENT TO INFRINGE THE '354 PATENT

22. Plaintiff incorporates Paragraphs 1 through 21 as if fully set forth herein.

23. On information and belief, ZF Sachs induced infringement of the '354 patent by selling the CDC system to VW for importation into the United States.

24. ZF Sachs knew of or was deliberately indifferent to the '354 patent.

25. ZF Sachs's inducement of infringement of the '354 patent has deprived, and will deprive, Cloud Farm Associates of royalties that it otherwise would have received.

## COUNT IV AGAINST ZF SACHS:
## INDUCEMENT TO INFRINGE THE '153 PATENT

26. Plaintiff incorporates Paragraphs 1 through 25 as if fully set forth herein.

27. On information and belief, ZF Sachs induced infringement of the '153 patent by selling the CDC system to VW for importation into the United States.

28. ZF Sachs knew of or was deliberately indifferent to the '153 patent.

29. ZF Sachs's inducement of infringement of the '153 patent has deprived, and will deprive, Cloud Farm Associates of royalties that it otherwise would have received.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, and that this Court:

  A. Preliminarily and permanently enjoin VW, its officers, directors, agents, and employees, and any person or entity in active concert or participation with any of them from infringing the '354 and '153 patents;

  B. Preliminarily and permanently enjoin ZF Sachs, its officers, directors, agents, and employees, and any person or entity in active concert or participation with any of them from infringing and inducing others to infringe the '354 and '153 patents;

  C. Order VW to pay the damages recoverable by Cloud Farm Associates under 35 U.S.C. § 284 as a result of the wrongful making, using, and selling of Cloud Farm Associates' invention as claimed in Cloud Farm Associates' '354 and '153 patents, the exact extent of which cannot now be determined by Cloud Farm Associates;

  D. Order ZF Sachs to pay the damages recoverable by Cloud Farm Associates under 35 U.S.C. § 284 as a result of engaging in and inducing others to engage in the wrongful making, using, and selling of Cloud Farm Associates' invention as claimed in Cloud Farm Associates' '354 and '153 patents, the exact extent of which cannot now be determined by Cloud Farm Associates;

  E. Award Plaintiff money damages under 35 U.S.C. § 284 sufficient to compensate Plaintiff for the financial damage caused by Defendants' infringement;

  F. Award Plaintiff treble damages if the infringement is found to be willful, and its reasonable attorney fees under 35 U.S.C. § 285;

  G. Award Plaintiff its costs in bringing the above captioned action; and,

H.      Award Plaintiff such other and further relief that may be authorized by statute or that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: June 9, 2010

*/s/ Joseph C. Schoell*
Joseph C. Schoell (ID No. 3133)
David P. Primack (ID No. 4449)
DRINKER BIDDLE & REATH LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
Tel: 302-467-4200
Fax: 302-467-4201

*Of Counsel:*

Robert A. Koons, Jr.
Wilson M. Brown, III
Andrea L. D'Ambra
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757

*Attorneys for Plaintiff*
*Cloud Farm Associates, L.P.*