## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUD FARM ASSOCIATES, L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 10-502-LPS |
| | : | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | : | |
| and ZF SACHS AG, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

Joseph C. Schoell, Esq., DRINKER BIDDLE & REATH LLP, Wilmington, DE.
William M. Brown III, Esq., Robert A. Koons, Esq., Andrea L. D'Ambra, Esq., Michael J. Burg, Jr., Esq., DRINKER BIDDLE & REATH LLP, Philadelphia, PA.

      Attorneys for Plaintiff.

James D. Taylor, Jr., Esq. and Jennifer M. Becnel-Guzzo, Esq., SAUL EWING LLP, Wilmington, DE.
Michael J. Lennon, Esq. and Georg C. Reitboeck, Esq., KENYON & KENYON LLP, New York, NY.
Susan A. Smith, Esq., KENYON & KENYON LLP, Washington, DC.

      Attorneys for Defendant Volkswagen Group of America, Inc.

Steven J. Balick, Esq., Tiffany Geyer Lydon, Esq., Lauren E. Maguire, Esq., Andrew C. Mayo, Esq., ASHBY & GEDDES, Wilmington, DE.
Martin B. Pavane, Esq., Lisa A. Ferrari, Esq., Marilyn Neiman, Esq., COZEN O'CONNOR, New York, NY.

      Attorneys for Defendant ZF Sachs AG.

---

## MEMORANDUM OPINION

July 27, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court are two Motions to Amend (D.I. 60; D.I. 110) filed by plaintiff

Cloud Farm Associates, L.P. ("Plaintiff" or "Cloud Farm").

## I.    BACKGROUND

Plaintiff filed this patent infringement action against defendants Volkswagen Group of

America, Inc. ("Volkswagen") and ZF Sachs AG ("ZF Sachs") (together, "Defendants") on June

9, 2010, alleging infringement of U.S. Patent Nos. 5,529,153 (the "'153 patent") and 5,437,354

(the "'354 patent") (collectively, the "patents-in-suit"). (D.I. 1)  The patents-in-suit relate "to a

technology for suppressing vehicular rolling motion, i.e the tendency of the vehicle to tilt when

the vehicle turns a corner or is driven around a sharp curve." ('153 patent col.1 ll.16-19; '354

patent col.1 ll.10-13)

On July 1, 2011, Plaintiff filed a Motion to Amend/Correct Amended Complaint (D.I. 60

and, hereinafter, "First Motion to Amend") seeking to add allegations of willful infringement.

Subsequently, on January 20, 2012, Plaintiff filed a second Motion to Amend/Correct Amended

Complaint (D.I. 110 and, hereinafter, "Second Motion to Amend") seeking to assert claims for

infringement of two additional patents: U.S. Patent No. 5,971,115 (the "'115 patent") against

both Defendants and U.S. Patent No. 5,979,616 (the "'616 patent") against Volkswagen. (*See*

D.I. 110, Ex. 1 ¶¶ 27-31)

The '616 patent and the '115 patent are related to the patents-in-suit. The '616 patent

claims a tilt control apparatus similar to those claimed in the patents-in-suit, except it relies on a

sensing means in a steering column to activate the tilt-reduction apparatus inside the damper.

The '115 patent claims a tilt control apparatus that includes a shock damping valve with a

1

pressure-relief function.

The Court heard argument on the pending motions on May 29, 2012. *See* Mot. Hr'g Tr., May 29, 2012 (D.I. 158) (hereinafter "Tr.").

## II.   LEGAL STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there are grounds to deny amendment if the delay is coupled with either an unwarranted burden on the court or undue prejudice to the non-moving party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

"[P]rejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotation marks omitted). To

2

establish prejudice, the non-moving party must make a showing that allowing the amended

pleading would (1) require the non-moving party to "expend significant additional resources to

conduct discovery and prepare for trial," (2) "significantly delay the resolution of the dispute," or

(3) "prevent [a party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393

F.3d 390, 400 (3d Cir. 2004); *see also Cureton*, 252 F.3d at 273 (explaining party may suffer

undue prejudice if proposed amendment causes surprise or necessitates additional discovery,

additional costs, or additional preparation to defend against new facts or theories alleged).

"Thus, while bearing in mind the liberal pleading philosophy of the federal rules," it is also true

that "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of

leave to amend." *Cureton*, 252 F.3d at 273.

     If a "party moves for leave to amend the pleadings after a deadline imposed by a

Scheduling Order, Rule 16 of the Federal Rules of Civil Procedure is implicated." *WebXchange

Inc. v. Dell Inc.*, 2010 WL 256547, at *2 (D. Del. Jan 20, 2010). Pursuant to Rule 16(b)(4), "[a]

schedule may be modified only for good cause and with the judge's consent." "The good cause

element requires the movant to demonstrate that, despite diligence, the proposed claims could not

have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d

612, 618 (D. Del. 2010). "[T]he good cause standard under Rule 16(b) hinges on the diligence of

the movant, and not on prejudice to the non-moving party." *Id.*

## III.  DISCUSSION

### A.  First Motion to Amend

     Through its First Motion to Amend, Cloud Farm seeks to assert a claim of willful

infringement of the '354 patent against Volkswagen and a claim of willful infringement of the

'153 patent against ZF Sachs. (*See* D.I. 60, Ex. 1 ¶¶ 13-14, 24-25 and, hereinafter, "First

Proposed Amended Complaint") The Court will evaluate Cloud Farm's First Motion to Amend

under the standard set forth in Rule 15(a)(2) because Cloud Farm filed this motion prior to the

deadline for amended pleadings set forth in the Court's Scheduling Order.[1] There is no evidence

of undue delay, bad faith, or dilatory motives on the part of Cloud Farm.[2] Rather, Cloud Farm

sought to amend its complaint to add allegations of willful infringement while discovery was

ongoing, within thirteen months of filing the original complaint, and within the time frame for

amending pleadings set forth in the Scheduling Order. Thus, amendment should be freely

granted unless it is futile or unfairly prejudicial to Defendants. *See Foman*, 271 U.S. at 182; *In

re Burlington*, 114 F.3d at 1434.

    Both Defendants contend that amendment is futile because the First Proposed Amended

---

[1]Initially, Defendants argued that Cloud Farm's First Motion to Amend should be evaluated under Rule 16, which governs amendments to pleadings that are sought after a deadline imposed by a scheduling order. (*See* D.I. 65 at 3-4; D.I. 69 at 3) Subsequently, Plaintiff filed a Motion for Extension of Time to File Motion to Amend First Amended Complaint (D.I. 72) and requested that the Court retroactively extend the joinder and amendment deadline in the Scheduling Order to July 1, 2011. (D.I. 73 at 5) Defendants stated that they did not oppose this motion, and the Court granted it. (*See* D.I. 77; D.I. 79) Thus, Plaintiff's filing of its First Motion to Amend on July 1, 2011 was within the deadline set forth in the Court's Revised Scheduling Order.

[2]Volkswagen's argument that there was undue delay is unpersuasive. The fact that Cloud Farm learned that Volkswagen had knowledge of the patents-in-suit in 1999 does not indicate that Cloud Farm was aware that Volkswagen potentially willfully infringed the patents-in-suit in 1999, since knowledge of the patents-in-suit alone is not sufficient to prove willful infringement. *See Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 585 F. Supp. 2d 636, 642 (D. Del. 2008) ("The simple fact that infringement exists does not equate to willful infringement, even where the accused has knowledge or is aware of the patent."). Moreover, Cloud Farm asserts willful infringement for accused product lines that did not even exist in 1999. Thus, the Court focuses for purposes of undue delay on the thirteen month period from the time Cloud Farm filed its initial complaint until the time that Cloud Farm filed its First Proposed Amended Complaint.

Complaint does not adequately plead claims for willful infringement. Additionally, Volkswagen asserts that the proposed amendment is futile because Cloud Farm's willful infringement claim against Volkswagen is barred by the equitable doctrine of laches. The Court will address each argument in turn.

### 1. **Failure to State a Claim**

The Court concludes that the First Proposed Amended Complaint adequately states claims for willful infringement against Defendants. In order to plead a claim for willful infringement, a plaintiff must provide "a pleading equivalent to 'with a knowledge of the patent and of his infringement.'" *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). "[A]n allegation of willful infringement is not subject to a heightened pleading standard, but instead must meet the requirements of Rules 8 and 11(b) of the Federal Rules of Civil Procedure." *Milwaukee Elec. Tool Corp. v. Hitachi Koki Co., Ltd.*, 2011 WL 665439, at *2 (E.D. Wisc. Feb. 14, 2011); *see also generally Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003) ("Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required [for fraud].").[3]

The First Proposed Amended Complaint explicitly alleges that both Defendants had knowledge of the patent-in-suit and that Defendants' infringement "has been and continues to be willful and deliberate." (D.I. 60, Ex. 1 ¶¶ 13-14, 24-25) In particular, with respect to knowledge of the patent, the First Proposed Amended Complaint alleges as to Volkswagen: "Since at least August 2, 1999, VW has had actual knowledge of Cloud Farm Associates' '354 Patent. (See

---

[3]Pursuant to Federal Rule of Civil Procedure 9, knowledge may be averred generally.

Exhibit C.)" (*Id.* ¶ 13) Attached to the First Proposed Amended Complaint as Exhibit C is a

letter, dated August 2, 1999, from Dr. Smith's attorney (Herbert Wolfson) to Rolls-Royce Motor

Cars Ltd. and copying Volkswagen of America, captioned, "Re: U.S. Patent 5,437,354." (*Id.* at

38-39) The letter explains that it is responding to a letter received by Dr. Smith from the

"Company Solicitor," which had denied that a Rolls-Royce product utilized the tilt control

apparatus described in the '354 patent. (*Id.* at 38) In explaining Dr. Smith's contrary view, Mr.

Wolfson stated,

> By copy of this letter to Volkswagen of America, who we
> understand is the distributor of these products in the United States,
> we request that they also consider the necessity for a license under
> the subject patent.

(*Id.* at 39) As to ZF Sachs, the First Proposed Amended Complaint alleges:

> ZF Sachs had knowledge of the '153 Patent before filing of this
> lawsuit. In March 2001, the USPTO listed the '153 Patent as a
> cited reference in the field of vibration dampers with variable
> damping force as part of an office action for a Mannesmann Sachs
> patent (No. 6,206,152). Mannesmann Sachs is the predecessor of
> the present ZF Sachs company. The same firm that represented
> Sachs in that patent prosecution effort represents Sachs in the
> current litigation. (See Exhibit D.)

(*Id.* ¶ 24) Attached to the First Proposed Amended Complaint as Exhibit D is the

communication from the PTO referenced in this paragraph twenty-four of the complaint. (*See id.*

at 40-46) These allegations are sufficient to plead a claim for willful infringement.[4]

---

[4]*In re Seagate Technologies, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), does not require a
different conclusion. *Seagate* established what is required to prove willful infringement, not
pleading standards. *See MobileMedia Idea LLC v. HTC Corp.*, 2011 WL 4347037, at \*2 (E.D.
Tex. Sept. 15, 2011); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, 2009 WL 1974602,
at \*2 (N.D. Cal. July 8, 2009). Although this Court has referenced *Seagate* in addressing
allegations of willful infringement at the pleading stage, the Court has not mandated that a
plaintiff satisfy the *Seagate* standard at the pleading stage. *See St. Clair Intellectual Property*

2.  **Laches**

To prevail on the defense of laches, a defendant must prove, by a preponderance of the evidence, that: (1) "the patentee's delay in bringing suit was unreasonable and inexcusable," and (2) "the alleged infringer suffered material prejudice attributable to the delay." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc). "A presumption of laches arises where a patentee delays bringing suit for more than six years after the date the patentee knew or should have known of the alleged infringer's activity." *Id.*

Volkswagen argues that Cloud Farm's newly asserted claim against it for willful infringement is barred because there is a presumption of laches. (D.I. 69 at 6) Volkswagen contends that the laches clock began ticking in 1999 when Cloud Farm alleged that Volkswagen's Bentley Arnage vehicles infringed the '354 patent. (*Id.*) In response, Cloud Farm argues that the present lawsuit does not involve the Bentley Arnage vehicles, but, instead, other lines of vehicles. (D.I. 76 at 2)

The Court concludes that Volkswagen has failed to demonstrate that a presumption of laches applies. There is no evidence in the record that Cloud Farm became aware more than six years prior to filing the instant lawsuit that Volkswagen was willfully infringing the '354 patent by incorporating infringing shock absorbers into the accused products. The 1999 letter that Volkswagen relies on to support its claim of laches does not relate to the products that Cloud Farm now accuses of incorporating the allegedly infringing shocks; rather, it relates to the Bentley Arnage model – which is not one of the accused products.

---

*Consultants v. Hewlett-Packard Co.*, 2012 WL 1134318, at *2 (D. Del. Mar. 28, 2012) (noting *Seagate* "clarified the standard for ***proving*** willful infringement") (emphasis added).

7

Thus, Cloud Farm's claim against Volkswagen for willful infringement of the '354 patent is not barred by the equitable doctrine of laches; consequently, amendment is not futile.

### 3. **Prejudice**

There is no evidence that permitting Cloud Farm to file its First Proposed Amended Complaint would unfairly prejudice Defendants.[5] Volkswagen's arguments regarding prejudice are based on the fact that twelve years lapsed after Volkswagen first had knowledge of the '354 patent. (D.I. 69 at 5) However, any prejudice resulting from delay prior to the filing of this lawsuit is not properly within the scope of consideration of the First Motion to Amend. *See Bechtel*, 886 F.2d at 652 (stating that in order to show unfair prejudice, non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely"). Rather, the Court must consider whether Volkswagen has suffered prejudice in the time that has passed since the filing of this lawsuit. There is no evidence that Volkswagen suffered unfair prejudice during the time between the filing of the initial complaint and the filing of the First Proposed Amended Complaint.

In sum, Cloud Farm will be permitted to assert claims of willful infringement against Defendants. However, because these allegations are included in Cloud Farm's Second Proposed Amended Complaint (D.I. 110, Ex. 1 ¶¶ 13-14, 24-25), which, as discussed below, the Court will grant Plaintiff leave to file, the First Motion to Amend will be denied as moot.

---

[5]ZF Sachs does not argue that it will be unfairly prejudiced if Cloud Farm is permitted to file its First Proposed Amended Complaint and the Court concludes ZF Sachs will not be so prejudiced. Accordingly, this section addresses only Volkswagen.

## B.   Second Motion to Amend

Cloud Farm filed its Second Motion to Amend after the deadline for amending pleadings in the Court's Scheduling Order. Thus, Cloud Farm must demonstrate that it has met the requirements of Rule 16(b) and Rule 15(a). Plaintiff asserts that it has demonstrated good cause to amend because its Second Motion to Amend is founded on information that was obtained during the depositions of Defendants' corporate representatives, which occurred after the Court's deadline for amendment of pleadings. (D.I. 111 at 6) Plaintiff further argues that Defendants will not be prejudiced because a trial date has not been set and disclosure of expert reports is months away. (*Id.* at 7)

Defendants respond that Plaintiff has not demonstrated good cause to amend because Plaintiff did not learn anything at the depositions of Defendants' corporate representatives that it did not already know or would have known had it exercised reasonable diligence. (D.I. 118 at 11; D.I. 120 at 4; Tr. at 30-32) Further, Defendants contend that they will be unduly prejudiced if the Court permits Plaintiff to assert claims for infringement of two new patents due to the advanced stage of the present case – with discovery closed and a *Markman* hearing completed. (D.I. 118 at 17; D.I. 120 at 8; Tr. at 32)

The Court concludes that Plaintiff has demonstrated good cause to amend as it did not have sufficient factual information to allege infringement of the '616 patent and '115 patent until after the depositions of Defendants' corporate representatives. It was not until Mr. Dieter Loersch explained that the Continuous Damping Control ("CDC") system may control shock damping based on steering alone that Plaintiff was aware of this functionality and could properly

9

assert a claim for infringement of the '616 patent.[6] Similarly, it was not until the deposition of

Thomas Kutsche that Plaintiff learned how Defendants' shock damping valve with a pressure-

relief function – as claimed in the '115 patent – operated.[7] There is no evidence that Plaintiff

acted in bad faith or with dilatory motive.[8]

Turning to Rule 15(a), the Court concludes Defendants will not be unduly prejudiced if

Plaintiff is permitted to assert claims for infringement of the '616 patent and '115 patent. To

prove undue prejudice, Defendants "must show that [they were] unfairly disadvantaged or

deprived of the opportunity to present facts or evidence which [they] would have offered had the

. . . amendments been timely." *Bechtel*, 886 F.2d at 652. Defendants argue that permitting

Plaintiff to file its Second Proposed Amended Complaint this late in the proceedings would

preclude them from preparing their cases and inject undue delay. (D.I. 118 at 17)

While the Court recognizes that the parties have already engaged in substantial discovery,

---

[6]No documents produced prior to the deadline for amendment of pleadings explained this functionality. Volkswagen contends that it produced various documents indicating that the input sensors include a steering angle sensor (D.I. 120 at 5 n.4); however, these documents did not provide the information that Mr. Loersch revealed at his deposition – namely, that the system can operate solely based on steering angle input before tilt is actually sensed by the system.

[7]Cloud Farm concedes that it was aware of Defendants' valve, but this does not alter the fact that Cloud Farm did not learn about the operation of the valve until Thomas Kutsche described it in his deposition. (D.I. 134 at 3) ZF Sachs contends that the accused CDC system is described in several earlier patents; however, these earlier patents did not explain how the CDC system itself operated, which was the subject of Mr. Kutsche's testimony. ZF Sachs further argues that Cloud Farm did not act with diligence because it did not reverse engineer ZF Sachs's internal valve CDC damper. (D.I. 118 at 12-14) However, it is unclear whether the information revealed in Mr. Kutsche's deposition about the internal operation of the CDC valve could have been obtained by examining the CDC shock absorbers themselves. Volkswagen's argument that the CDC valve was disclosed in a video produced during discovery (D.I. 120 at 5) is likewise unpersuasive, as none of the materials produced described the operation of the CDC valve.

[8]ZF Sachs's contention to the contrary (D.I. 118 at 17-18) is unsupported by the record.

10

no trial date has yet been set, case dispositive motions have not been filed, and expert reports have not been exchanged. Thus, the Scheduling Order can be amended to ensure that Defendants have ample time to respond to Cloud Farm's newly asserted infringement allegations.[9] The Court also recognizes that it may need to hold another *Markman* hearing to construe any disputed terms in the new patents. Additionally, if the Court were to deny leave to amend, the likely result would be that Plaintiff would assert the claims it attempts to add to this lawsuit in a new lawsuit against Defendants (Tr. at 33) – which will require completely new discovery, another *Markman* hearing, and a separate trial – likely resulting in even higher increased costs for Defendants and further delay in resolution of the parties' disputes. In these circumstances, the Court does not find undue prejudice.

Accordingly, the Court will grant Plaintiff's Second Motion to Amend.

## IV.   **CONCLUSION**

For the above reasons, the Court will deny as moot Plaintiff's First Motion to Amend and grant Plaintiff's Second Motion to Amend. An appropriate Order follows.

---

[9]All parties agree that discovery on the newly asserted patents and the issue of willfulness could be completed within a few months, minimizing the delay resulting from addition of these new claims. (*See* Tr. at 24, 33-34, 42)

11