**DrinkerBiddle&Reath**
L L P

Joseph C. Schoell
302-467-4245 Direct
302-467-4201 Fax
joseph.schoell@dbr.com

Law Offices
1100 North Market Street
Suite 1000
Wilmington, DE
19801-1254

302-467-4200 phone
302-467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

January 23, 2013

**_By Electronic Filing & Hand Delivery_**
The Honorable Leonard P. Stark
United States District Court for the District of Delaware
144 North King Street
Wilmington, DE 19801

Re: *Cloud Farm Assocs., L.P. v. Volkswagen Grp. of Am., Inc., et al.* 10-cv-0502-LPS

Dear Judge Stark:

Pursuant to Your Honor's January 18, 2013 order, we write for Plaintiff Cloud Farm Associates ("Cloud Farm") concerning its pending discovery dispute with ZF Sachs AG ("ZF Sachs").[1] Cloud Farm asks that the Court compel ZF Sachs to timely produce a Rule 30(b)(6) deponent in the United States and at its own cost.

On November 28, 2012, Cloud Farm noticed the Rule 30(b)(6) deposition of ZF Sachs for January 10, 2013. (D.I. 188.) ZF Sachs refused to produce a witness, claiming that Cloud Farm did not "obtain leave of court to take a second deposition," and that the proposed deposition would be untimely, unduly burdensome and unreasonably cumulative pursuant to Rule 26(b)(2)(C). This position is entirely without merit.

Cloud Farm has not noticed a "second deposition." Rather, Cloud Farm issued a notice for the continued deposition of ZF Sachs and supplemented the noticed topics with those relevant to its newly-added claims. At the initial deposition, ZF Sachs' designee Reinhard Kaempmann was unable to answer questions on at least four of the nine topics for which he was designated. (*See, e.g.*, Ex. A, Kaempmann Dep. at 15:23-16:7, 21:22-22:10, 25:10-22; 58:10-18, 60:12-22, 61:11-63:5; 64:12-14; Ex. B, E-mail from M. Burg to M. Pavane dated Jan. 12, 2012.) Yet these topics—manufacturing costs, profitability, and distribution—are at the very core of Cloud Farm's damages claims. Further, ZF Sachs produced nearly 2,500 documents—or ***two-thirds*** of its entire production—just two days prior to the deposition. Many of these documents were in German and required translation. All of them were produced after the initial deadline for substantially completing the parties' document productions. Due to both ZF Sachs's inability to testify fully and its document dump on the eve of the deposition, Cloud Farm stated on the record—on multiple occasions—its intention to continue the deposition at a later date. (*See, e.g.*, Ex. C, Kutsche Dep. at 124:3-12; Kaempmann Dep. at 65:17-66:7.)

Even if the notice can be construed as requesting a "second deposition," leave of court is not required.[2] This Court has apparently not spoken to the issue, but other courts have split

---

[1] Cloud Farm and Volkswagen Group of America ("VWGoA") reached an agreement earlier today with respect to their discovery dispute. That issue is now off the table.

*Established 1849*

[2] Should it be required, Cloud Farm, by this letter, requests leave and offers that the standard for obtaining leave is satisfied.

DrinkerBiddle&Reath
                L L P

The Honorable Leonard P. Stark
January 23, 2013
Page 2

on whether leave is required to take a second deposition of a corporate party. Cloud Farm, in line with a number of courts, submits the answer is no. *See, e.g.*, *Quality Aero Tech. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002); *Kemp v. Dupps Co.*, 2006 U.S. Dist. LEXIS 51553, at *4-6 (W.D. Ark. July 27, 2006).

If leave is required, the Court "***must*** grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2) (emphasis added); *see Adams v. Sheldon*, 2008 U.S. Dist. LEXIS 16128, at *2-3 (D. Del. Feb. 28, 2008). Rule 26(b)(2) provides that a court shall limit the extent of discovery if (i) the discovery sought is unreasonably cumulative, (ii) the party seeking discovery has had ample opportunity to obtain the information, or (iii) the burden of the proposed discovery outweighs its likely benefits. None of these conditions are present here. First, the deposition will focus on those topics about which Mr. Kaempmann was unprepared to testify, as well as issues relating to Cloud Farm's willfulness allegation and the operation of the pressure-relief valve in the CDC system. Topics for which Mr. Kaempmann was unprepared to testify are not duplicative on their face. The latter topics—willfulness and the pressure-relief valve implicated by the '616 Patent—are newly presented issues in the Third Amended Complaint, about which Cloud Farm has not yet had the opportunity to obtain deposition discovery. Second, Cloud Farm has made multiple attempts to obtain the information sought here. ZF Sachs, however, refused to produce a witness competent to testify on topics for which Mr. Kaempmann was unprepared, and further refused to provide substantive answers to interrogatories and document requests that would have elicited the requested information. (*See* Ex. D, Letter from M. Pavane to M. Burg dated Jan. 26, 2012; Ex. E, D.I. 137 [detailing Cloud Farm's efforts and ZF Sachs' refusals]; Ex. F, Resp. to Second Set of Interrogatories, No. 21 [flatly refusing to provide sales information for manufacturers other than VWGoA].) Cloud Farm endeavored to secure some cost and distribution information from third parties, but the subpoenaed materials provided only a small glimpse of the total picture. Third, the information sought is critical information that Cloud Farm has repeatedly sought and to which it is entitled. Any burden on ZF Sachs is of its own making.

In an effort to resolve the issue without court intervention, Cloud Farm's counsel informed ZF Sachs it would be willing to discuss the scope of any topics for which ZF Sachs had legitimate concerns. (*See* Ex. G, Letter from M. Burg to L. Ferrari dated Jan. 4, 2013.) In response, ZF Sachs' counsel, in a half-hearted compromise, offered to make a witness available on the limited topics of willfulness and sales to General Motors if and only if the deposition took place in Germany, or in the United States at Cloud Farm's expense. (*See* Ex. H, Letter from L. Ferrari to M. Burg dated Jan. 9, 2013.)

First, litigants are to bear their own expenses, including the costs of conducting and traveling to depositions. *See Traynor v. Liu*, 495 F. Supp. 2d 444, 451-452 (D. Del. 2007). ZF Sachs is a multi-national powerhouse, and it has not made, nor can it make, a showing of financial hardship. Cloud Farm, however, is a company of one. It has paid tens of thousands of dollars to translate documents and facilitate court reporting services for depositions in this case. Further, it is willing—as it did previously—to pay for an interpreter, if necessary. Conducting the deposition in Germany would impose unnecessary costs on *both* parties, and

DrinkerBiddle&Reath
L L P

The Honorable Leonard P. Stark
January 23, 2013
Page 3

ZF Sachs can offer no legitimate reason why the financial burdens associated with discovery should be turned on their head.

Second, ZF Sachs must present a witness who can testify not only on sales to General Motors, but on sales to any automotive company in the United States. From the start of discovery through January 2012, ZF Sachs claimed it *did not* make any sales to United States companies. (*See* Ex. E.) Only after Mr. Kaempmann's deposition did ZF Sachs finally admit—as Cloud Farm had long suspected—that it sells CDC shock absorbers to General Motors. (*See* Ex. D.) Cloud Farm's investigation further leads it to believe that ZF Sachs is selling the accused devices to other manufacturers, including BMW, in the United States. Throughout discovery, ZF Sachs has demonstrated a protracted effort to obscure U.S. sales information. (*See* Ex. E.) The Court should end this stonewalling now.

For these reasons, Cloud Farm requests that Your Honor compel ZF Sachs to timely produce a witness on all noticed topics, including any domestic sales, in the United States and at its own cost.

Respectfully,

Joseph C. Schoell (Bar I.D. No. 3133)

cc:    Counsel of Record (via CM/ECF)