# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

January 25, 2013

The Honorable Leonard P. Stark                             VIA ELECTRONIC FILING
United States District Court of Delaware
844 North King Street
Wilmington, Delaware 19801

     Re:    *Cloud Farm Associates, L.P. v. Volkswagen Group of America, Inc., et al.,*
             C.A. No. 10-502-LPS

Dear Judge Stark:

       We write on behalf of ZF Sachs AG ("ZF Sachs") to respond to Cloud Farm Associates, L.P.'s ("Cloud Farm") letter, dated January 23, 2013 [D.I. 207] (the "Cloud Farm Letter"), seeking to compel ZF Sachs to submit to a second 30(b)(6) deposition and have witnesses once again travel from Germany to the U.S., at ZF Sachs' expense, for such deposition. Cloud Farm is precluded from taking a second deposition without leave of court, *see* Fed. R. Civ. P. 30(a)(2)(A)(ii), and leave should be denied because Cloud Farm has had ample opportunity to obtain the information sought, and a second deposition would be unreasonably duplicative of a 30(b)(6) deposition already taken. *See* Fed. R. Civ. P. 26(b)(2)(C). Accordingly, ZF Sachs seeks a protective order forbidding the discovery. *See* Fed. R. Civ. P. 26(b)(2)(C), 26(c)(A).

       Cloud Farm has previously taken two days of a 30(b)(6) deposition of ZF Sachs, having deposed Thomas Kutsche on December 7, 2011, on topics related to Cloud Farm's infringement claims, and Reinhard Kaempmann on December 8, 2011, on topics related to Cloud Farm's damages claims. Messrs. Kutsche and Kaempmann travelled to the U.S. from Germany, where they each reside, to attend the depositions.

       The truth is that Cloud Farm was woefully unprepared for the depositions of Messrs. Kutsche and Kaempmann, and now wants a do-over. While no do-over should be allowed, if it is, it should be at Cloud Farm's expense, not ZF Sachs', and whether or not ZF Sachs would suffer "financial hardship" is hardly the point.

       As set forth in ZF Sachs' Objections To Plaintiff's Second Notice Of Deposition (the "Second Notice"), Topics 1-3, 6-18, and 23 are verbatim repeats of topics contained in Cloud Farm's first 30(b)(6) deposition notice (the "First Notice"), and Topic Nos. 4, 21-22, and 24 are duplicative or nearly verbatim repeats. *See* Ex. 1 (ZF Sachs' Objections to Second Notice). ZF Sachs' current objections were included in ZF Sachs' objections to the First Notice, and Cloud Farm did nothing about them. *See* Ex. 2 (ZF Sachs' Objections to First Notice). For example, ZF Sachs objected to producing a witness on all topics concerning manufacturing costs, profitability, and distribution, stating in each instance that it "will only produce a witness on this

{00714430;v1}

topic to the extent it concerns Accused Systems that are incorporated into vehicles sold and/or offered for sale in the United States." *See, e.g., id.*, at pp. 6-7 (ZF Sachs' Objections to Topic Nos. 6-8 and 11).

Instead of seeking to resolve ZF Sachs' objections *before* ZF Sachs' corporate representatives travelled from Germany, Cloud Farm chose to proceed with the depositions as scheduled. During the deposition, Cloud Farm stated that it would seek to continue the deposition at a later date; ZF Sachs' counsel did not agree, but stated that "we'll cross that bridge when we come to it." Cloud Farm Letter, Ex. C, at 66. Cloud Farm's failure to earlier resolve ZF Sachs' objections – which were made clear from the outset -- are at Cloud Farm's door, not ZF Sachs'.

The Cloud Farm Letter also claims, as did Cloud Farm after the depositions, that Mr. Kaempmann was unprepared on certain topics (*i.e.,* Topic Nos. 3 and 6-11). *See* Cloud Farm Letter, Ex. B, at p. 5 (Dec. 15, 2011 Email from M. Burg to M. Pavane). ZF Sachs disputes that Mr. Kaempmann was unprepared. *See* Cloud Farm Letter, Ex. H (Jan. 26, 2012 Letter from M. Pavane to M. Burg). In any event, Cloud Farm seeks testimony not only on Topic Nos. 3 and 6-11, but also on Topic Nos. 1-2, 4-5, and 12-20 from the First Notice, about which Cloud Farm never lodged any complaint. Although Cloud Farm states that a second deposition "will focus on those topics about which Mr. Kaempmann was unprepared to testify as well as issues relating to Cloud Farm's willfulness allegation and the operation of the pressure-relief valve in the CDC system," Cloud Farm Letter, at 2, the deposition topics in the Second Notice are not so limited, making clear that Cloud Farm intends to re-open topics already covered.

Cloud Farm has also added entirely new topics to the Second Notice (*e.g.,* Topic Nos. 5 ("[t]he design, operation, and functionality of the Steering Input Component"), and 20 ("[k]nowledge on the part of employees or agents of ZF Sachs, or its corporate parents, subsidiaries, predecessors, successors, or affiliates, of the Patents in Suit"). Cloud Farm has failed to provide any reason why these topics were not included in the First Notice. *See State Farm Mutual Automobile Insur. Co. v. New Horizont, Inc.,* 254 F.R.D. 227, 234-36 (E.D.Pa. 2008) (granting protective order where party failed to provide good cause as to why subject topics were not noticed in connection with earlier depositions).

As for the document production made by ZF Sachs shortly before the depositions (five days before, not two), Cloud Farm Letter, at p. 1, the Cloud Farm Letter fails to specify what, if anything, Cloud Farm was prevented from asking ZF Sachs about because of the timing of the production, nor has Cloud Farm ever done so. This failure is not surprising; of the approximately 2,500 pages that were produced, more than 1,800 were printouts from ZF Sachs' website, and most of the rest were marketing documents, internal newsletters, and industry news. These documents have little or no relevance to Cloud Farm's infringement and damages theories, and Cloud Farm does not argue to the contrary.

ZF Sachs has not, as Cloud Farm alleges, engaged in stonewalling. Cloud Farm has known since December, 2011, *i.e.,* well over a year, that ZF Sachs objected to discovery concerning CDC shock absorbers sold outside the U.S., other than to VW, but it has done

nothing about that issue until now. ZF Sachs produced documents concerning General Motors because ZF Sachs advised that this was the only instance in which sales were made directly into the U.S. In view of the suggestion in the Cloud Farm Letter that ZF Sachs sold directly to BMW and maybe others in the U.S., counsel will confirm this information. Moreover, in an effort to compromise, ZF Sachs offered to make a witness available (at Cloud Farm's expense) on topics in the Second Notice that were truly new, without opening up a free-for-all on all of the numerous topics that were previously covered. Cloud Farm rejected that offer.

Leave of court must be obtained to take a deposition if "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(1); *see Melhorn v. N.J. Transit Rail Operations, Inc.,* 203 F.R.D. 176, 180 (E.D. Pa. 2001) ("[a]bsent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition"). Although some courts have held that the rule does not apply to corporate deponents, the majority view, endorsed by district courts in the Third Circuit, holds that it does. *See State Farm,* 254 F.R.D. at 235 ("Taking serial depositions of a single corporation may be as costly and burdensome, if not more so, as serial depositions of an individual").

Moreover, a court should only grant leave to conduct multiple depositions of a single organization "to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2) provides that discovery must be limited when it is "unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit." *See, e.g., Johnson v. Geico Casualty Co.,* 269 F.R.D. 406, 415 (D. Del. 2010) (denying plaintiff's motion to compel and granting protective order with respect to deposition topic that was "duplicative [of earlier 30(b)(6) depositions] and unduly burdensome to Defendants"); *Novartis Pharmaceuticals Corp. v. Abbott Labs,* 203 F.R.D. 159, 162-63 (D. Del. 2001) (denying motion to compel additional 30(b)(6) depositions where depositions would be cumulative to testimony already procured).

In view of Cloud Farm's failure to seek to resolve ZF Sachs's objections to the First Notice before the first 30(b)(6) deposition had taken place, and the duplicative and cumulative nature of the Second Notice, leave to take a second 30(b)(6) deposition should be denied. If allowed, a second 30(b)(6) deposition should be limited to the new patent in suit, the new willfulness claim, and to the sales information concerning General Motors. Also, if allowed, a second 30(b)(6) deposition should be taken at Cloud Farm's expense. The court "is given great flexibility to order only that discovery that is reasonable for a case, and to adjust the timing of discovery and apportion costs and burdens in a way that is fair and reasonable." *Marens v. Carrabba's Italian Grill, Inc.,* 196 F.R.D. 35, 37-38 (D. Md. 2000). Having never sought to resolve ZF Sachs' objections to the First Notice, Cloud Farm should bear the burden and expense of a second deposition.

The Honorable Leonard P. Stark
January 25, 2013
Page 4

                                            Respectfully,

                                            */s/ Tiffany Geyer Lydon*

                                            Tiffany Geyer Lydon

TGL: nml
Attachments

cc:     Joseph C. Schoell, Esquire (via electronic mail; w/attachments)
        Robert A. Koons, Jr., Esquire (via electronic mail; w/attachments)
        James D. Taylor, Jr., Esquire (via electronic mail; w/attachments)
        Michael J. Lennon, Esquire (via electronic mail; w/attachments)
        Susan A. Smith, Esquire (via electronic mail; w/attachments)
        Martin B. Pavane, Esquire (via electronic mail; w/attachments)