IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COULD FARM ASSOCIATES, L.P., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 10-502-LPS |
| VOLKSWAGEN GROUP OF AMERICA, INC., AND ZF SACHS AG, | : | |
| Defendants. | : | |

Joseph C. Schoell, DRINKER BIDDLE & REATH LLP, Wilmington, DE

Wilson M. Brown, III, Robert A. Koons, Jr., Andrea L. D'Ambra, Michael J. Burg, Jr., DRINKER BIDDLE & REATH LLP, Philadelphia, PA

    Attorneys for Plaintiff.

James D. Taylor, Jr., SAUL EWING LLP, Wilmington, DE

Michael J. Lennon, Georg C. Reitboeck, KENYON & KENYON LLP, New York, NY

Susan A. Smith, KENYON & KENYON LLP, Washington DC

    Attorneys for Defendant Volkswagen Group of America, Inc.

Tiffany G. Lydon, Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE

Martin B. Pavane, Lisa A. Ferrari, Marilyn Neiman, COZEN O'CONNOR, New York, NY

    Attorneys for Defendant ZF Sachs AG.

# MEMORANDUM OPINION

July 2, 2013
Wilmington, Delaware

*[signature: Leonard P. Stark]*

**STARK, U.S. District Judge**:

Pending before the Court is Volkswagen Group of America, Inc.'s ("VW") Motion to Dismiss Cloud Farm Associates, L.P.'s ("Cloud Farm") Willful Infringement Claim. (D.I. 171) For the reasons set forth below, the Court will DENY the motion.

## I. INTRODUCTION

Cloud Farm filed suit against VW and ZF Sachs AG on June 9, 2010 alleging infringement of U.S. Patent Nos. 5,437,354 (the "'354 patent") and 5,529,153.[1] (D.I. 1)

On July 1, 2011, Cloud Farm moved to amend its complaint to include a claim of willful infringement based on Cloud Farm's knowledge of the '354 patent in 1999. (D.I. 60) The Court granted Cloud Farm's motion. (D.I. 161)

On September 7, 2012, VW filed the present motion, requesting that the Court dismiss Cloud Farm's claim for willful infringement of the '354 patent for failure to state a claim. (D.I. 171)

## II. LEGAL STANDARDS

The sufficiency of pleadings for non-fraud cases is governed by Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal

---

[1] Cloud Farm added infringement contentions related to U.S. Patent Nos. 5,971,115 and 5,979,616 on August 1, 2012. (D.I. 165)

1

conclusions." *Id.* at 210-11. This step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 500 (3d Cir. 2000). However, the Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted). Finally, although a non-fraud claim need not be pled with particularity or specificity, that claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id* at 555.

2

### III. DISCUSSION

Cloud Farm's Third Amended Complaint alleges, in pertinent part:

> 13. Since at least August 2, 1999, VW has had actual knowledge of Cloud Farm Associates' '354 Patent. (See Exhibit E.)
>
> 14. VW's infringement of the '354 Patent has been and continues to be willful and deliberate.

(D.I. 165) Exhibit E, attached to the Third Amended Complaint, is an August 2, 1999 letter sent by Herbert M. Wolfson, Cloud Farm's patent attorney at the time, to Rolls-Royce. (*Id.*) The subject line of the letter is "Re: U.S. Patent 5,437,354." (*Id.*) The letter copies VW – which the letter indicates distributed the accused products in the United States – and urges that the recipient "consider the necessity for a license under the subject patent." (*Id.*)

The Court has already addressed the sufficiency of Cloud Farm's pleading. VW opposed Cloud Farm's motion to amend to add this very claim of willful infringement of the '354 patent, arguing that the claim was "futile because it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." (D.I. 69 at 7) The Court considered and rejected this argument, noting that the amended complaint alleged that VW had knowledge of the '354 patent and that VW's continued infringement was willful and deliberate. (D.I. 161 at 5-6) The Court concluded that the allegations of the proposed amended complaint would be "sufficient to plead a claim for willful infringement." (*Id.* at 6)

VW provides no reason for the Court to reconsider this conclusion. In granting the motion to amend, the Court already considered *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). (*See* D.I. 161 at 6 n.4) The Court recognizes that district courts are not in complete

agreement as to the impact of *Seagate* on pleading – as opposed to proving – willful infringement. *Compare, e.g., Sony Corp. v. LG Elecs. U.S.A., Inc.*, 768 F. Supp. 2d 1058, 1063-64 (C.D. Cal. 2011) (noting that *Seagate's* standard of proving willfulness is inapposite at pleading stage); *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 902-03 (N.D. Cal. 2011) (holding that *Seagate's* requirements apply to proving, not pleading, willfulness); *MobileMedia Ideas LLC v. HTC Corp.*, 2011 WL 4347037, at *2 (E.D. Tex. Sept. 15, 2011) (stating that meeting objectively reckless prong of *Seagate* is better suited for summary judgment); *Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd.*, 2011 WL 665439, at *3 (E.D. Wis. Feb. 14, 2011) (noting that *Seagate* is not controlling of pleadings); *Rambus, Inc. v. Nvidia Corp.*, 2008 WL 4911165, at *2 (N.D. Cal. Nov. 13, 2008) (stating that what is necessary to prove willfulness presents separate question from what is necessary to plead willfulness), *with, e.g., IpVenture Inc. v. Lenovo Grp. Ltd.*, 2013 WL 126276, at *2-3 (D. Del. Jan. 8, 2013) (dismissing willfulness claim based on insufficient allegations that defendant acted despite objectively high likelihood of infringement and that defendant knew or should have known of its infringement); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, 2012 WL 6968938, at *2 (D. Del. July 18, 2012) (same); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) ("MONEC's failure to sufficiently plead that Defendants had any reason to know of the [patent] is also fatal to its claim for willful infringement.") (Fallon, M.J.), *adopted by* Order dated Sept. 20, 2012 (*see* D.I. 179 Ex. A). VW's motion, which merely repackages its opposition to the earlier motion to amend, presents neither an appropriate nor necessary occasion to delve further into these potentially competing lines of authority.

    Accordingly, and consistent with the Court's prior ruling, the Court finds that Cloud

Farm's complaint is sufficient to plead a claim for willful infringement.

## IV.   CONCLUSION

For the reasons given above, the Court will deny VW's motion to dismiss.  An appropriate Order follows.