IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLOUD FARM ASSOCIATES, L.P,

    Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA, INC., and ZF SACHS AG,

    Defendants.

C.A. No. 10-502-LPS

Joseph C. Schoell, DRINKER BIDDLE & REATH LLP, Wilmington, DE

Wilson M. Brown, III, DRINKER BIDDLE & REATH LLP, Philadelphia, PA

Patrick J. Kelleher, DRINKER BIDDLE & REATH LLP, Chicago, IL

    Attorneys for Plaintiff.


James D. Taylor, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, DE

Michael J. Lennon and Georg C. Reitboeck, ANDREWS KURTH KENYON LLP, New York, NY

Susan A. Smith, ANDREWS KURTH KENYON LLP, Washington, DC

    Attorneys for Defendant Volkswagen Group of America, Inc.

**MEMORANDUM OPINION**

September 25, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

I. BACKGROUND

In June 2010, Plaintiff Cloud Farm Associates LP ("Plaintiff" or "Cloud Farm") filed this patent infringement action against two defendants, including Volkswagen Group of America Inc. ("Defendant" or "Volkswagen"). (D.I. 1) On July 27, 2012, the Court issued a first Claim Construction Opinion and Order. (D.I. 163, 164) On August 10, 2015, the Court issued a second Claim Construction Opinion and Order. (D.I. 340, 341)[1] On October 21, 2015, the parties requested a stay of the proceedings, having jointly concluded that "the issues to be prosecuted and tried in light of the Court's claim construction rulings" made it appropriate "to submit a stipulation of non-infringement and invalidity concerning the patents in suit, together with a proposed final order and judgment for the Court's consideration, reserving the parties' rights to appeal the Court's holdings on claim construction." (D.I. 345) On December 4, 2015, the parties submitted a Joint Stipulation of Non-Infringement and Invalidity and proposed Final Judgment. (D.I. 349) The Court entered Final Judgment on December 8, 2015. (D.I. 350)

On April 17, 2016, Volkswagen filed a Bill of Costs, supported by a Declaration of Georg Reitboeck, with the Clerk of Court. (D.I. 355) Cloud Farm objected to the Bill of Costs on May 1, 2017. (D.I. 356) The Clerk entered its Taxation of Costs on January 10, 2018. (D.I. 357)

Pending before the Court is Volkswagen's Motion for Review of Clerk's Taxation of Costs. (D.I. 358) Specifically, Volkswagen requests review of the Clerk's denial of $931.74 for hearing transcripts and $20,423.49 for deposition transcripts. (D.I. 357 at 2-3; D.I. 358 at 1) The

---

[1]On January 9, 2017, the Federal Circuit affirmed this Court's claim construction opinions. *See Cloud Farm Assocs. LP v. Volkswagen Grp. of Am., Inc.*, 674 Fed. App'x 1000 (Fed. Cir. 2017).

1

motion is fully briefed. (*See* D.I. 358, 359, 360) For the reasons set forth below, the Court will grant Volkswagen's motion.

II. **LEGAL STANDARDS**

"Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). In particular, Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As the Third Circuit has observed, Rule 54(d)(1) "uses the word 'costs' as a term of art, rather than to refer to all expenses a prevailing party may incur in a given action." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000).

The categories of costs that are taxable are established by statute: 28 U.S.C. § 1920, a statute to which the Supreme Court "has accorded a narrow reading." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 442 (1987)). Section 1920 states, in full:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

2

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In the District of Delaware, Rule 54 and Section 1920 are supplemented by Local Rule 54.1, which provides additional guidance on taxable costs. Pursuant to Local Rule 54.1(a)(1), "[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs." D. Del. L.R. 54.1(a)(1). Local Rule 54.1 directs prevailing parties to submit a bill of costs to the Clerk, who verifies the bill and makes any necessary adjustments. *See* D. Del. L.R. 54.1(a).

Together, Section 1920, Federal Rule 54, and Local Rule 54.1 create a "strong presumption" that costs should be awarded to the prevailing party. *See Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010); *see also Paoli*, 221 F.3d at 462. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Paoli*, 221 F.3d at 468. "This is so because the denial of such costs is akin to a penalty." *Reger*, 599 F.3d at 288. "Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *Id.*

A consequence of the strong presumption that the prevailing party should be awarded its costs that are shown to be within the narrow statutory categories of taxable costs is that "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Taniguchi*, 566 U.S. at 573 (internal quotation marks omitted); *see also Paoli*, 221 F.3d at 453 (describing costs analysis as "essentially ministerial act of the clerk of court"). Nevertheless, a

party disappointed with the Clerk's taxation determination may appeal it to the District Court, which must review the Clerk's decision *de novo*. *See Reger*, 599 F.3d at 288; *Paoli*, 221 F.3d at 461; *see also* Fed. R. Civ. P. 54(d)(1) ("On motion served . . ., the court may review the clerk's action.").

In reviewing the Clerk's costs decision, the Court may consider such factors as: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Reger*, 599 F.3d at 288 n.3 (internal quotation marks omitted). "In contrast, however, a district court may not consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves – in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.* (internal quotation marks omitted). In other words, that a case is "a classic close case, brought in good faith" is not an "appropriate criteri[on] in determining whether a costs award is equitable." *Paoli*, 221 F.3d at 465.

"[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-63. Notwithstanding this burden on the losing party, the Court (like the Clerk) has discretion to deny a request for taxation of costs based on a prevailing party's failure to support its request with sufficient and specific documentation. *See* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent

4

having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."). This principle is reflected in Local Rule 54.1(a)(2), which provides, "[t]he bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924."

## III. DISCUSSION

The parties agree that Volkswagen is the prevailing party. It is also undisputed that Volkswagen filed the Bill of Costs in a timely manner. The disputes relate to the Clerk of Court's denials of Volkswagen's requests for $20,423.49 for deposition transcripts and $931.74 for hearing transcripts. (*See* D.I. 357 at 2-3; D.I. 358 at 1; D.I. 359 at 1-2)

### A. Volkswagen's Request for Costs of Obtaining Deposition Transcripts

Volkswagen seeks to recover costs related to the depositions of six witnesses. (*See* D.I. 355-1 at 4-6) Three of the witnesses were deposed by Cloud Farm and the other three by Volkswagen. (*See id.*) The witnesses testified regarding Volkswagen's defenses of non-infringement, invalidity, inequitable conduct, laches, estoppel, and lack of subject matter jurisdiction, as well as functionality, sales volumes, and production costs of the accused products, and damages. (*See id.*)

Cloud Farm opposes Volkswagen's request relating to deposition materials, arguing that the transcripts were not used in the resolution of any material issue in the case, because the case "was resolved based on the Court's claim construction decisions" and the deposition transcripts "were not used to decide claim construction." (D.I. 359 at 2) A few months after the Court's Claim Construction Opinion in August 2015, "the parties stipulated to noninfringement and/or

5

invalidity and proceeded to appeal." (*Id.*) Volkswagen responds that "[t]he parties' decision to enter the stipulation was informed by discovery extending beyond the claim construction ruling, namely, discovery directed to issues of non-infringement and invalidity, informed by deposition testimony." (D.I. 360 at 2) Moreover, in Volkswagen's view, the Clerk improperly limited its analysis to application of only Local Rule 54.1(b) and failed to also consider 28 U.S.C. § 1920. (*See* D.I. 358 at 1) Volkswagen contends that applying, instead, the statute, § 1920, leads to the conclusion that "these depositions were reasonably necessary to allow Volkswagen to fully litigate this matter at the time they were taken, including the defenses it asserted at that time." (D.I. 360 at 2)

Cloud Farm is correct that under this Court's Local Rules, costs associated with depositions are taxable "only where a substantial portion of the deposition is used in the resolution of a material issue in the case." D. Del. L.R. 54.1(b)(3). "The Local Rule, however, does not embody the full extent of the Court's discretion to award costs associated with depositions to a prevailing party." *Lab. Skin Care Inc. v. Ltd. Brands, Inc.*, 2016 WL 1266564, at *3 (D. Del. Mar. 30, 2016). "The outer bounds of that discretion are established, instead, by statute: § 1920." *Id.*; *see also Bethea v. Rash*, 2015 WL 4477693, at *2 (D. Del. July 22, 2015) ("If the court finds that application of Local Rule 54.1 results in an inequitable award for [the prevailing party], the court retains the discretion to award costs beyond the limitations of Local Rule 54.1 to the fullest extent permissible under § 1920."); *Honeywell Int'l Inc. v. Nokia Corp.*, 2014 WL 2568041, at *5 (D. Del. May 30, 2014) ("[Local Rule 54.1] does not eliminate a judge's obligation to interpret and apply Section 1920 to specific disputes brought before the judge. Each judge retains the discretion to apply [Local Rule] 54.1 – like any other rule – as the

judge deems fit and in the interests of justice."). Thus, even assuming the requirements of Local Rule 54.1 are not satisfied, the Court has discretion to award the requested deposition costs.

Pursuant to § 1920, transcript costs may be taxable when "necessarily obtained for use in the case." *See Tabron v. Grace*, 6 F.3d 147, 160 n.9 (3d Cir. 1993) ("[D]eposition expenses, including the costs of deposition transcripts, may be awarded as costs to the prevailing party if the court determines, at the end of the litigation, that the copies were of papers necessary for use in the case."); 10-54 Moore's Federal Practice Civil § 54.103 ("[T]he mere fact that a deposition was taken solely for discovery purposes should not absolutely preclude taxation of those expenses as costs. Instead, the court should take a practical view and determine whether the deposition appeared to be reasonably necessary when taken.").

In the Court's view, in the context of this patent infringement litigation, it was at least "reasonably necessary" for Volkswagen to obtain transcripts of the depositions. There is no suggestion from Cloud Farm that it was unreasonable for Volkswagen to take the depositions of the witnesses involved. *See Walker Digital, LLC v. Google, Inc.*, 2016 WL 1553974, at *4 (D. Del. Apr. 12, 2016). "Deposition transcripts are used throughout a patent case for many purposes, including to identify and resolve disputes relating to discovery and to brief and argue motions (e.g., challenging the admission of expert testimony, for summary judgment, *in limine*, and miscellaneous issues that arise in connection with preparation of the pretrial order)." *Id.* "They are also used, often in video form, at trial." *Id.* Just because the case was ultimately resolved shortly after the Court's Claim Construction Opinion – which did not itself involve the depositions to which Volkswagen's instant motion relates – does not render the purchase of the deposition transcripts unreasonable or unnecessary to an effective defense of this matter.

Accordingly, the Court will grant Volkswagen's request with respect to deposition costs, in the requested amount of $20,423.49.

B.      **Volkswagen's Request for Costs of Obtaining Hearing Transcripts**

Volkswagen requests $931.74 for the costs of obtaining transcripts of five discovery teleconferences and two claim construction hearings. (*See* D.I. 355-1 at 3; D.I. 360 at 3)[2]

It is unclear whether Cloud Farm opposes this request. In its initial objections to Volkswagen's Bill of Costs, Cloud Farm did not object to the taxation of costs for hearing transcripts. (*See* D.I. 356) In its opposition brief to the pending motion, Cloud Farm only asserts that the Local Rules were properly applied, because "[c]ourt transcripts were never requested by the Court or stipulated to." (D.I. 359 at 2; *see also* D. Del. L.R. 54.1(b)(2))

Cloud Farm correctly notes that Local Rule 54.1(b)(2) provides: "The costs of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the Court, are taxable when requested by the Court or prepared pursuant to stipulation." (D.I. 359 at 1; D. Del. L.R. 54.1(b)(2)) Here, although there is no explicit "request" by the Court for transcripts, the undersigned Judge regularly resolves discovery disputes during teleconferences, articulating the Court's reasoning on the transcript and often without issuing any formal, written order. *See Walker Digital*, 2016 WL 1553974, at *6. In order to effectively litigate a patent case in light of this procedure, it is likely necessary to have a copy of such a transcript. *See id.* The Court expects that if what was said – by the parties, or by the Court – during the course of such a teleconference becomes relevant to resolving a future dispute in the

---

[2] The Clerk incorrectly refers to the Court proceedings as "seven telephonic discovery conferences." (D.I. 357 at 3)

8

case (as it often does), then the parties and the Court will be able to easily, and quickly, consult the transcript of the earlier proceeding. *See id.* Additionally, as Cloud Farm concedes, "this case was resolved based on the Court's claim construction decisions." (D.I. 359 at 2) Thus, pursuant to § 1920, the transcripts of the Claim Construction proceedings were "necessarily obtained for use in this case." 28 U.S.C. § 1920(2).

Accordingly, the Court will grant Volkswagen's request with respect to costs for hearing transcripts in the requested amount of $931.74.

## IV. CONCLUSION

An appropriate Order follows.